UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MITCHELL ALICEA, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    CAUSE NO.: 2:11-CV-445-TLS |
| HAMMOND POLICE DEPARTMENT, *et al.*, | ) ) ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Mitchell Alicea, a prisoner proceeding *pro se*, alleges that Hammond police officers used excessive force when they arrested him on March 29, 2011. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, a court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The Plaintiff seeks to bring a claim under 42 U.S.C. § 1983 by alleging that Hammond Police officers used excessive force against him in violation of the Fourth Amendment. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal

constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Alicea states that he was in a backyard pool when a Hammond police officer sent a police dog into the water to attack him. He states that after he was removed from the pool, officers then beat him. He states that at no time was he a threat to the officers. To evaluate an excessive force claim under the Fourth Amendment, a court must determine "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (quotation marks omitted). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The Court should consider the totality of the circumstances surrounding the officer's conduct. *Graham*, 490 U.S. at 396. Similarly, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment." *Id*. (quotation marks and citation omitted). Giving Alicea the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has plausibly alleged that these Hammond police officers used excessive force against him in violation of the Fourth Amendment.

However, the Plaintiff failed to identify those officers. Rather, he named only the Hammond Police Department and the Hammond K-9 Unit as defendants. "[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Rather, Indiana law makes

"municipal corporations" units that can sue and be sued and defines those units as counties, municipalities, and townships. *Id*. (citing Ind. Code §§ 36-1-2-10 & 23). "A '[m]unicipality' is a 'city or town.'" *Id*. (quoting Ind. Code § 36-1-2-11). Therefore, both the Hammond Police Department and the Hammond K-9 Unit must be dismissed from this case. But, because "public employees are responsible for their own misdeeds," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009), the Plaintiff can sue the individual officers that he alleges used excessive force against him. However, he did not identify any of the officers in the Complaint nor did he indicate that he is unaware of who was involved in the incident on March 29, 2011. If the Plaintiff knows the names of the individuals involved in the incident he need only include their names as Defendants on his amended complaint in order to proceed with this suit. If the Plaintiff does not know the names of these individuals he may indicate that on his amended complaint. In that case, the Court will order that service be made on the Chief of Police of the Hammond Police Department for the purpose of identifying these individuals. *See Billman v. Ind. Dept. of Corrs.*, 56 F.3d 785, 789 (7th Cir. 1995) ("If a prisoner makes allegations that if true indicate a significant likelihood that someone employed by the prison system has inflicted cruel and unusual punishment on him, and if the circumstances are such as to make it infeasible for the prisoner to identify that someone before filing his complaint, his suit should not be dismissed as frivolous."); *see also Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (relying on *Billman*). Therefore, he will be sent a blank complaint form and granted time to file an amended complaint.

      For the foregoing reasons, the Court:

      (1) STRIKES the Complaint [ECF 1];

(2) DISMISSES the Hammond Police Department and the Hammond K-9 Unit;

(3) DIRECTS the Clerk to place the cause number of this case on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to the Plaintiff, Mitchell Alicea, along with a copy of this Order;

(4) GRANTS the Plaintiff leave to file an amended complaint on or before January 20, 2012; and

(5) CAUTIONS the Plaintiff that if he does not file an amended complaint by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because his current Complaint does not state a claim.

SO ORDERED on December 14, 2011.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION