UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MITCHELL ALICEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CV-445-TLS |
| | ) | |
| HAMMOND POLICE DEPARTMENT, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, Mitchell Alicea, a *pro se* prisoner, filed his Amended Complaint [ECF No. 40] pursuant to 28 U.S.C. § 1983. To survive dismissal, a complaint must state a claim for relief that is "plausible on its face." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bissessur*, 581 F.3d at 602 (quoting *Iqbal*). In determining whether the complaint states a claim, a court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Here, the Plaintiff claims that the Defendants, Sergeant Aubrey Thomas and Officer Alejandro Alvarez of the Hammond Police Department, used excessive force against him during his arrest. (Am. Compl. 3–4, ECF No. 40.) In order to state a claim under § 1983, a plaintiff must

allege: (1) that the defendant deprived him of a federal constitutional right or a right secured by federal law; and (2) that the defendant acted under color of state law. *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 925 (7th Cir. 2012). The Plaintiff asserts that on March 29, 2011, he was fleeing from police officers when he climbed into an empty, five-foot tall, above ground swimming pool in Hammond, Indiana. (Am. Compl. 3.) Once there, he discovered that he was surrounded. (*Id.*) He then surrendered by raising his hands and saying that he was giving up. (*Id.*) The Plaintiff alleges that Defendant Thomas then threw his police dog into the pool and ordered the dog to attack the Plaintiff; the dog attack allegedly lasted for more than three minutes. (*Id.* 3–4.) After the dog attack, Defendant Alvarez pulled the Plaintiff from the pool. (*Id.* 4.) According to the Plaintiff, Defendant Alvarez then punched him in the ribs and back as well and repeatedly stomped on his head. (*Id.*) In addition to Defendants Thomas and Alvarez, the Plaintiff also names Defendant Miller, Chief of the Hammond Police Department. (Am. Compl. 3.) Defendant Miller is not alleged to have had any personal involvement in these events. He is merely named as the Chief of Police.

The question in a Fourth Amendment[1] excessive use of force case is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (quotation marks omitted); *see also Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), and the

---

[1] Although the Plaintiff cites the Eighth Amendment as the basis for his excessive force claim (Am. Compl. 3–4), the Fourth Amendment is the proper basis for a claim of excessive use of force during an arrest. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

question is "whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)); *see also Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20–22 (1968)).

According to the Plaintiff, at the time of his arrest, Defendants Thomas and Alvarez used excessive force against him despite his verbal surrender and cooperation with their orders. Therefore, the Plaintiff has plausibly alleged a claim of excessive force against Defendant Thomas and Defendant Alvarez because "a police officer may not continue to use force against a suspect who is subdued and complying with the officer's orders." *Hayes v. City of Indianapolis*, No. 1:08–cv–006–DFH–JMS, 2009 WL 700232, at *4 (S.D. Ind. Mar. 16, 2009) (collecting cases); *see also Thomas v. City of Fort Wayne*, No. 1:06–CV–320 PS, 2008 WL 282348, at *5 (N.D. Ind. Jan. 31, 2008) (stating that facts suggesting that plaintiff could have posed a threat to the officers' safety would not justify strikes to plaintiff's head after officers determined he was not resisting arrest); *Norris v. Bain*, No. 1:04–CV–1545DFHTAB, 2006 WL 753131, at *14 (S.D. Ind. Mar. 21, 2006) ("[It is] well established that the use of force unnecessary for an arrest, particularly where force is applied to a suspect who is not fleeing or resisting, and who has been overcome, cannot be considered constitutionally reasonable."); *Hill v. Miller*, 878 F. Supp. 114, 116 (N.D. Ill. 1995) ("[T]he use of any significant force . . . not reasonably necessary to effect an arrest—as where . . . the force is used after a suspect's resistance has been overcome or his flight

thwarted—would be constitutionally unreasonable." (quoting *Kidd v. O'Neil*, 774 F.2d 1252, 1256–57 (4th Cir. 1985)).

However, the allegations involving Defendant Miller are different. He was not involved in this incident. *See Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012) (stating that § 1983 liability "is premised on the wrongdoer's personal responsibility"). Indeed, the Court added Defendant Miller to this lawsuit for the sole purpose of assisting the Plaintiff to identify the names of the arresting officers. Perhaps the Plaintiff mistakenly believed that because the Court added him as a party, it was necessary to name him in the Amended Complaint. Nevertheless, Defendant Miller must now be dismissed because "[t]he doctrine of *respondeat superior* can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Defendant Thomas and Defendant Alvarez in their individual capacities for monetary damages for using excessive force against him on March 29, 2011, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Defendant Miller;

(4) DIRECTS the Clerk to transmit the summons and USM-285 forms for Defendant Thomas and Defendant Alvarez to the United States Marshals Service along with a copy of this Order and a copy of the Amended Complaint [ECF No. 40];

(5) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Defendant Thomas and Defendant Alvarez; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Defendant Thomas and Defendant Alvarez respond, as provided for in the Federal Rules of Civil Procedure and local rule 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this Order.

SO ORDERED on September 17, 2012.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION